UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MADHURI TRIVEDI,

                      Plaintiff,

-against-

GENERAL ELECTRIC COMPANY, *et al.*,

                      Defendants.

23-CV-0126 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se*. The claims pleaded in Plaintiff's complaint have been raised and adjudicated in two prior actions in the United States District Court for the District of Massachusetts. *See Trivedi v. General Electric Co.,* No. 1:22-CV-11746-LEW (D. Mass. Dec. 12, 2022); *Trivedi v. General Electric Co.*, No. 19-CV-11862 (D. Mass. May 27, 2021). By order dated February 6, 2023, the Court therefore dismissed this action as barred by the doctrine of claim preclusion. (ECF No. 5.) In light of Plaintiff's history in this court and in the District of Massachusetts, (*id*. at 2-4), the Court also ordered Plaintiff to show cause why she should not be barred, under 28 U.S.C. § 1651, from filing further actions in this court without first obtaining the court's permission to do so, (*id.* at 7).

      In response to the Court's order, Plaintiff called the undersigned's chambers twice, despite being previously directed to refrain from contacting chambers. *See Trivedi v. General Electric Co.*, ECF 1:22-CV-10630, 8 (S.D.N.Y. Dec. 21, 2022). On February 9, 2023, Plaintiff also filed a motion to "recuse Judge Swain" and to "assign this case either randomly to another judge or to judge Jesse Furman, Judge Katherine." (ECF No. 6.). On February 13, 2023, Plaintiff filed a second motion reiterating the requests made in the motion she filed on February 9, 2023. (ECF No. 8.) On February 22, 2023, Plaintiff filed a third motion reiterating the requests made in the first two motions and requesting a conference call. (ECF No. 9.)

A.     **Motion for Recusal**

A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . [would] entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).

The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion filed in case by plaintiff where judge had ruled against him on all his motions and where plaintiff had "speculated that the judge may have been acquainted with [him]").

In rare circumstances, judicial "opinions formed by [a] judge on the basis of facts introduced or events occurring in the course of the [court] proceedings, or of prior proceedings," may be the basis of a recusal motion, but only if those opinions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555 (1994).

Here, Plaintiff asserts that the Court's order, dismissing Plaintiff's action as barred by the doctrine of claim preclusion and directing Plaintiff to show cause why she should not be barred from filing future actions without first obtaining permission of the court, is "illegal." (ECF No. 6.) She asserts further that "Judges being corrupt and blindly dismissing my civil claims when

2

DEFENDANTS needs to be in JAIL."[1] (*Id.*) Plaintiff alleges, "In order to abuse me – you have assigned it to yourself.. Reassign it to another judge randomly. And recuse yourself asap TODAY. And leave me alone.. terrorize someone else.." (ECF No. 8.)

Plaintiff states no facts suggesting that the undersigned "displayed a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Instead, her filings show that her dissatisfaction lies with the Court's rulings. Accordingly, the appropriate remedy for her concerns lies in the appeals process to the United States Court of Appeals for the Second Circuit. *See Liteky*, 510 U.S. at 555 (noting that [a]lmost invariably, [judicial rulings] are proper grounds for appeal, not for recusal").

As there are no grounds requiring the undersigned to recuse herself from this action, the Court denies Plaintiff's motion seeking the undersigned's recusal.

**B.    Motion for Reconsideration, to Alter or Amend the Judgment, or for Relief from Judgment**

To the extent that Plaintiff seeks reconsideration of the Court's February 6, 2023, order, the Court liberally construes this submission as a motion for reconsideration under Local Civil Rule 6.3, a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), and a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies any request for reconsideration.

---

[1] The Court quotes the complaint verbatim. All spelling, punctuation and grammar are as in the original.

Federal Rule of Civil Procedure 59(e) provides that a "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). In the moving papers, the party must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

The Court's February 6, 2023, order dismissed Plaintiff's original complaint as barred by the doctrine of claim preclusion. In the most recent submissions, Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Fed. R. Civ. P. 59(e).

The legal standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3.

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of her motions, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motions under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motions for recusal (ECF Nos. 6, 8, 9) are denied, as are any arguments and requests for reassignment and reconsideration. Plaintiff's request for a conference call is also denied. All other matters are terminated.

On February 6, 2023, the Court dismissed this action as barred by the doctrine of claim preclusion. (ECF No. 5.) Plaintiff has 30 days from the date of that order to show cause why she should not be barred from filing further actions in this court without first obtaining permission from the court to file. (*Id.*)

The Court reminds Plaintiff that she is directed to refrain from contacting chambers. *See Trivedi*, ECF 1:22-CV-10630, 8.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 22, 2023
         New York, New York

                                      /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                      Chief United States District Judge