UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MADHURI TRIVEDI,

                Plaintiff,

-against-

GENERAL ELECTRIC COMPANY, *et al.*,

                Defendants.

23-CV-0126 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se*. By order dated February 6, 2023, the Court dismissed this action as barred by the doctrine of claim preclusion, noted that Plaintiff had filed prior actions in the United States District Court for the District of Massachusetts against the same Defendants, asserting the same claims, and that she was previously warned by this Court, pursuant to 28 U.S.C. § 1651, that further duplicative or frivolous litigation in this court may result in an order barring Plaintiff from filing new actions in this court without prior permission. (ECF No. 5.) The Court therefore ordered Plaintiff, within thirty days, to show cause by declaration why she should not be barred from filing any further actions in this court without first obtaining the court's permission to file. (*Id.*)

      In response to the Court's February 6, 2023 order, Plaintiff did not file a declaration, but instead filed a motion for recusal (ECF No. 6), a motion to reassign the case (ECF No. 8), and a motion for a conference call (ECF. No. 9.) By order dated February 22, 2023, the Court denied Plaintiff's motions and reminded Plaintiff that she should refrain from contacting chambers, and that she had 30 days from the Court's February 6, 2023 order to file a declaration. (ECF No. 10.)

      On March 1, 2023, Plaintiff filed a notice of interlocutory appeal. (ECF No. 11.) By Mandate issued on October 15, 2024, the United States Court of Appeals for the Second Circuit

affirmed the Court's February 2, 2023 decision and warned plaintiff that "if [s]he continues to abuse the judicial process by the instigation of frivolous appeals, an injunction will issue directing the Clerk of [the Court of Appeals] to refuse to accept for filing any submissions from h[er], unless [s]he has first obtained leave of that court to file such papers." *Trivedi v. Gen. Elec. Co.*, 23-254-cv (2d Cir. Oct. 15, 2024).

Accordingly, the bar order restricting Plaintiff's ability to make filings in this court will issue.

## CONCLUSION

The Court bars Plaintiff from filing future civil actions in this court without first obtaining from the court leave to file. *See* 28 U.S.C. § 1651. Plaintiff must attach a copy of her proposed complaint and a copy of this order to any motion seeking leave to file. The motion must be filed with the Pro Se Intake Unit of this court. If Plaintiff violates this order and files an action without filing a motion for leave to file, the action will be dismissed for failure to comply with this order.

Plaintiff is further warned that the continued submission of frivolous documents in this case may result in the imposition of additional sanctions, including monetary penalties. *See id.*

The Clerk of Court is directed to enter judgment dismissing this action in accordance with the Court's February 6, 2023 order. The Clerk of Court is further directed to close this action and terminate any motions in this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: October 15, 2024
New York, New York

                                       /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge